# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 21, 2002

## GARY EUGENE ALDRIDGE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hickman County**
**No. 00-5066C-II     Timothy L. Easter, Judge**

---

**No. M2001-02452-CCA-R3-PC - Filed November 19, 2002**

---

The petitioner, Gary Eugene Aldridge, was convicted by a jury in the Circuit Court of Hickman County of one count of aggravated kidnapping, two counts of aggravated rape, one count of rape, and two counts of simple assault. The trial court sentenced the petitioner to an effective sentence of sixty years incarceration in the Tennessee Department of Correction, followed by an effective consecutive sentence of seventeen months and twenty-nine days in the local workhouse. After an unsuccessful appeal of his convictions, the petitioner timely filed a petition for post-conviction relief, alleging, among other grounds, ineffective assistance of counsel. The petitioner now brings this appeal challenging the post-conviction court's denial of his petition. After reviewing the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Edward S. Ryan, Nashville, Tennessee, for the appellant, Gary Eugene Aldridge.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Ronald L. Davis, District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I.  Factual Background

On May 9, 1997, the petitioner was convicted by a jury of one count of aggravated kidnapping, two counts of aggravated rape, one count of rape, and two counts of simple assault. The convictions stem from a series of incidents in which the petitioner beat and raped his wife, Etta Mae Aldridge.[1] The trial court imposed an effective sentence of sixty years confinement in the Tennessee Department of Correction, followed by an effective consecutive sentence of seventeen months and twenty-nine days in the local workhouse. On direct appeal, this court affirmed the convictions and

---

[1] At the time of the rapes, the petitioner and his wife were separated and Mrs. Aldridge had filed for divorce.

sentences, and the Tennessee Supreme Court denied permission to appeal. State v. Gary Eugene Aldridge, No. 01C01-9802-CC-00075, 1999 Tenn. Crim. App. LEXIS 853 (Nashville, Aug. 19, 1999), perm. to appeal denied, (Tenn. 2000).

The petitioner timely filed a pro se petition for post-conviction relief, alleging nineteen grounds for relief. On August 31, 2000, the post-conviction court entered an order appointing counsel and denying the majority of the petitioner's claims as waived for failure to present the claims for determination on direct appeal. However, the post-conviction court found the petitioner's claim of ineffective assistance of counsel to be a colorable claim for relief. An amended petition was subsequently filed and, on February 8, 2001, the post-conviction court held an evidentiary hearing at which the petitioner and his trial counsel testified. At the conclusion of the testimony, the post-conviction court took the matter under advisement and ordered the parties to submit briefs before the court rendered a decision. In his final argument to the post-conviction court, the petitioner asserted only two grounds in support of his claim of ineffective assistance of counsel. First, the petitioner argued that trial counsel denied the petitioner his right to testify at trial. Second, the petitioner argued that trial counsel failed to adequately investigate the petitioner's case and failed to interview and call material witnesses.

On May 3, 2001, the post-conviction court entered an order setting forth detailed findings of fact and conclusions of law, denying the petition for post-conviction relief. Specifically, the post-conviction court found that the petitioner failed to establish by clear and convincing evidence that trial counsel deprived him of his right to testify. The post-conviction court further found that the petitioner failed to demonstrate any prejudice resulting from trial counsel's alleged failure to interview or call witnesses. The petitioner appealed the denial of his petition for post-conviction relief.

## II. Analysis

In a post-conviction proceeding, the petitioner bears the burden of proving the grounds raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, the post-conviction court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court and, on appeal, the burden is on the petitioner to prove that the evidence preponderates against the post-conviction court's findings. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). However, a post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Fields, 40 S.W.3d at 458.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

### A. Failure to Locate and Interview Witnesses

The petitioner first alleged that trial counsel was deficient in failing to locate and interview essential defense witnesses. Specifically, the petitioner argued that trial counsel failed to interview Gerald Freeland, Dawn Godwin,[2] and Jerry Wayne Marrs, despite the fact that the petitioner gave counsel their names and addresses. However, at the evidentiary hearing, the petitioner testified that he could only speculate as to the content of the witnesses' testimony had they been called to testify at trial.

At the evidentiary hearing, trial counsel conceded that the petitioner gave her the name and address of the victim's brother, Gerald Freeland, who allegedly had information regarding an affair the victim had while visiting his home in Arkansas prior to the commission of the offenses. Counsel testified that she made several attempts to contact Freeland with no success. Moreover, counsel testified that due to limited resources, the public defender's office had only one investigator, and counsel did not ask the court for funds to hire an additional investigator. However, according to counsel, Freeland's testimony was neither relevant to the petitioner's defense, nor likely to have been admissible under the rape shield law.

Counsel also conceded that she did not interview the victim's oldest daughter, Dawn Godwin, who allegedly failed to call 911 on the night her mother was kidnapped and raped. Counsel testified that she subpoenaed Godwin, but Godwin had left town and was "not to be found." Counsel further asserted that, even if Godwin had been available to testify, she was a "two-edged sword" because there was evidence that Godwin was having a sexual relationship with the petitioner. Finally, counsel could not recall interviewing Jerry Wayne Marrs. However, counsel testified that

---

[2] In the record, this witness is also referred to as Dawn Godner.

if Marrs had relevant information in support of the petitioner's defense, she would have called him to testify at trial.

The post-conviction court found that the petitioner "failed to demonstrate any prejudice resulting from [trial counsel's] alleged failure to interview or call the witnesses." We agree. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). A petitioner is not entitled to relief on this ground "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." Id. at 758. Neither the post-conviction court nor this court can speculate as to what a witness's testimony might have been at trial. Id. at 757. At the evidentiary hearing, only the petitioner and his trial counsel testified. The petitioner failed to present the favorable testimony of these "material" witnesses. Moreover, on cross-examination, the petitioner offered no proof as to what the witnesses' testimony would have been if they had been called to testify. Therefore, even assuming that counsel was deficient in failing to interview and call these potential witnesses to testify, the petitioner has failed to show how he was prejudiced by this deficiency. This issue is without merit.

### B. Denial of the Petitioner's Right to Testify

Next, the petitioner contends that counsel deprived him of his right to testify in his own behalf. At the evidentiary hearing, the petitioner testified that when he asked counsel about testifying, counsel responded that she was not going to call him to testify because "she didn't have [his] case prepared that way." According to the petitioner, he wanted to testify "from day one" and at no time did he knowingly and voluntarily waive his right to testify. The petitioner testified that he did not sign a written waiver, nor did he waive his right on the record before the trial court.

Counsel admitted that she strongly advised the petitioner not to testify, but contended that the decision was ultimately his to make. According to counsel,

> I think he did want to testify, and most of my clients do want to testify, and that is their option, I can't take it away from them. I would never, never did and never would tell someone that they could not testify. That's not my role. My role is to counsel them as to what the impact of their testimony would be, and I did counsel [the petitioner] on that. . . . I counseled [the petitioner] that it would not be in his best interest to testify.

Counsel testified that, while the petitioner had a prior conviction for a crime against nature involving his oldest daughter, counsel's ultimate reason for advising the petitioner not to testify was the petitioner's "general personality and nature." Counsel testified that she feared the petitioner would be perceived by the jury as "arrogant" and that his testimony would hurt the credibility of the other defense witnesses. On cross-examination, counsel denied telling the petitioner that he could not testify because his testimony was inconsistent with the manner in which counsel had prepared the defense.

-4-

Counsel conceded that she did not have the petitioner sign a written waiver of his right to testify, nor did she note on the record before the trial court that her client was waiving his right to testify. As to the written waiver, counsel testified that it is "very disconcerting between an attorney and client when you're in the middle of a trial that holds his life in his hands and you're saying, 'Here, sign this, you know, this is going to protect me later whenever you come back and say I didn't do a good job.'" However, counsel testified that when she believed a client's waiver of his right to testify was really an issue, she would so advise the court on the record. She did not do so in the petitioner's case because the petitioner did not seem "particularly disturbed about it." Counsel testified that she had no doubt that the petitioner knowingly waived his right to testify.

The post-conviction court accredited the testimony of trial counsel that, although counsel advised the petitioner not to testify, the petitioner ultimately made that decision. As previously noted, the credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Henley, 960 S.W.2d at 579. This court will not disturb the post-conviction court's findings of fact unless the petitioner demonstrates that the evidence preponderates against those findings. Id. at 578. The petitioner has failed to do so in this case.

In his brief, the petitioner urges this court to consider Momon v. State, 18 S.W.3d 152 (Tenn. 1999), even though Momon was decided after the petitioner's trial. In Momon, our supreme court held that "the right of a criminal defendant to testify in his or her own behalf is a fundamental constitutional right . . . [that] may only be waived personally by the defendant." Id. at 161. To ensure that criminal defense attorneys do not unilaterally deprive their clients of this fundamental right, the Momon court set forth procedural guidelines, requiring the defendant's knowing, voluntary, and intelligent waiver to be made on the record. Id. at 162, 174-75. However, Momon has no retroactive effect. Id. at 162-63. Furthermore, even if Momon applied retroactively, "the mere failure to follow these guidelines will not in and of itself support a claim for deprivation of the constitutional right to testify if there is evidence in the record to establish that the right was otherwise personally waived by the defendant." Id. at 163. Although there is no record of the petitioner waiving his right to testify, trial counsel testified at the evidentiary hearing that the petitioner personally and knowingly waived this right upon the advice of counsel, and the post-conviction court accredited counsel's testimony. This issue is without merit.

## III. Conclusion

Based upon the foregoing, the judgment of the post-conviction court is affirmed.

_____
NORMA McGEE OGLE, JUDGE